IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CLAYTON T. LEE,                )
                               )
          Plaintiff,           )
                               )
v.                             )     Case No. CIV-17-362-KEW
                               )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,       )
                               )
          Defendant.           )

**OPINION AND ORDER**

Plaintiff Clayton T. Lee (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 48 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade. Claimant has worked in the past as a lawn care worker. Claimant alleges an inability to work beginning November 2, 2012 due to limitations resulting from depression, anxiety, and a personality disorder.

**Procedural History**

On July 11, 2014, Claimant protectively filed for protectively

3

filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. On August 5, 2014, Claimant filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 14, 2016, Administrative Law Judge ("ALJ") John Belcher conducted an administrative hearing in Fort Smith, Arkansas. On August 9, 2016, the ALJ entered an unfavorable decision. The Appeals Council denied review on August 8, 2017. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to his past relevant work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider, evaluate, and weigh the medical evidence; and (2) failing to consider all of Claimant's impairments in steps two through five.

## Consideration of the Medical Evidence of Record

In his decision, the ALJ found Claimant suffered from the severe impairments of depression, anxiety, and a personality disorder. (Tr. 13). The ALJ determined Claimant could perform a range of medium work. In so doing, he found Claimant could lift/carry 50 pounds occasionally and less than 25 pounds frequently with pushing and pulling consistent with the lifting/carrying limits. Claimant could stand/walk for six hours in an eight hour workday and sit for six to eight hours in an eight hour workday. He could do simple and routine tasks. His contact with co-workers and supervisors should be superficial (contact similar to what a grocery clerk might have with co-workers and supervisors). The ALJ determined Claimant should have no close proximity to co-workers, keeping at least three or four feet between him and the next worker. Claimant should have no contact with the public. (Tr. 17).

After consultation with a vocational expert, the ALJ determined Claimant retained the RFC to perform his past relevant work as a material handler or highway maintenance worker. (Tr. 26). Alternatively, the ALJ determined Claimant could perform the representative jobs of housekeeper in a hospital, dishwasher, and industrial cleaner, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 28). As a result, the ALJ

5

concluded that Claimant was not under a disability from November 2, 2012 through the date of the decision.  Id.

Claimant contends the ALJ failed to consider his fibromyalgia as a severe impairment, contending the opinion of the consultative physician, Dr. John Marlar was ignored.  Dr. Marlar diagnosed Claimant with fibromyalgia, anxiety, depression, and bipolar disorder.  (Tr. 306).  As the ALJ indicated, Dr. Marlar indicated Claimant was positive in 7 out of 18 tender points.  (Tr. 15, 303). The regulations acknowledge fibromyalgia as a legitimate medical condition, noting that its diagnosis can be found through (1) a history of widespread pain; and (2) a finding of at least 11 of 18 tender points on physical examination.  Soc. Sec. R. 12-2p.  Dr. Marlar may have included fibromyalgia as a diagnosis in his report but the regulations govern if the condition meets the criteria for disability benefits.  Claimant's condition does not meet the criteria.  Claimant's argument that the seven tender points found were "significantly painful" only meets one criteria for the condition.

Claimant also contends she suffered from a pain disorder, reactive airway disease, psychosis NOS with auditory hallucinations, somatization, schizoaffective disorder, bipolar disorder, impulse control disorder, degenerative joint disorder,

6

OA, perirpheral neuropathy, "musculature fasciculations of his calves", "slight synovitis on his hands and both knees, idiopathic insomnia, hypersomnia, rule out obstructive sleep apnea, and chronic fatigue. *Cl. Brief* at p. 7-8.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The fact Claimant was diagnosed with a number of conditions does not translate into medically determinable impairments. Other than identifying the conditions, Claimant in no way demonstrated that they significantly limited Claimant's ability to work. Many of these conditions were discussed by the ALJ but no

7

functional restrictions were found to arise from them. (Tr. 14-15, 18-26).

To the extent Claimant contends the listed conditions should have been included at step two, where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. Brescia v. Astrue, 287 F. App'x 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" Id. quoting Hill v. Astrue, 289 F. App'x. 289, 291-292, (10th Cir. 2008).

Moreover, the burden of showing a severe impairment is "de minimis," yet "the mere presence of a condition is not sufficient to make a step-two [severity] showing." Flaherty v. Astrue, 515 F.3d 1067, 1070-71 (10th Cir. 2007) quoting Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003); Soc. Sec. R. 85-28. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits

[his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). In this case, the ALJ did not end the sequential evaluation at step two by finding Claimant had no severe impairments. As noted, many of the conditions were discussed by the ALJ. Since the ALJ did not deny benefits at step two based upon the lack of any severe impairments, his failure to include these conditions does not constitute reversible error.

Claimant also contends the ALJ failed to properly evaluate the opinion of his treating physician, Dr. Jeffrey Jenkins[2]. Dr. Jenkins noted in an letter dated November 20, 2014 that Claimant had seen multiple other physicians and reported some personality disorder issues and chronic longstanding mental health issues that had been undiagnosed and poorly treated. He also stated Claimant

---

[2] Claimant repeatedly but erroneously refers to this physician as "Dr. Jennings" throughout the briefing.

had been diagnosed with schizoaffective disorder, schizoid personality disorder, carpal tunnel syndrome in the bilateral forearms, generalized anxiety disorder, and multiple medication intolerances. He offered the opinion that "it is unlikely that [Claimant] can be employable for anything soon." He considered Claimant's condition to be chronic. (Tr. 316).

The ALJ considered Dr. Jenkins' opinions and that Claimant had only obtained treatment intermittently with medication. Dr. Jenkins did not prescribe additional services for Claimant's conditions. Claimant also responded to psychotropic medication. The ALJ recognized the regulatory standards for evaluating the opinion of a treating physician, thoroughly discussed the inconsistencies in Claimant's activities with Dr. Jenkins' opinion and the treatment provided. He also noted the opinion of Dr. Denise LaGrand and the inconsistencies in testing she performed and Dr. Jenkins' conclusions. (Tr. 24-25). Dr. LaGrand concluded that Claimant's reported mental/emotional symptoms "do not appear to significantly affect his performance and his application for disability seems to be based primarily on physical factors." (Tr. 313).

The ALJ's discounting of Dr. Jenkins' opinions, giving them "little weight" was justified based upon his own treatment record. Castellano v. Sec. of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994)(Opinion of treating physician may be reasonably

10

discounted when not supported by his own treatment notes.).  The ALJ also thoroughly discussed the basis for discounting Dr. Jenkins' assessment that Claimant met a listing, in particular noting that Dr. Jenkins' conclusion that Claimant had suffered three episodes of decompensation was not supported by the record or the opinions of other consultative physicians.  (Tr. 14-15).  <u>Harris v. Sec. of Health & Human Servs</u>, 821 F.2d 541, 543 (10th Cir. 1987)(a treating physician's "bare statement" that the claimant met a listing did "not meet the level of evidence required to prove the existence" of a listing-level impairment).  No error is attributed to the ALJ's discounting of Dr. Jenkins' opinions.

**Consideration of All Impairments**

Claimant also contends the ALJ failed to consider all of his impairments, both severe and non-severe, at each level of the sequential evaluation, including diagnoses of epicondylitis and RLS.  The ALJ determined these conditions were non-severe while other conditions such as fibromyalgia and carpal tunnel syndrome were medically nondeterminable.  (Tr. 14-15).  The record indicates that the ALJ considered the effects of both severe and non-severe impairments in his discussions.  20 C.F.R. § 404.1545(a)(2).  He also pointed out that Dr. Marlar's physical examination findings were largely normal and the findings of the state agency physicians

11

supported a finding of no physical limitations.  (Tr. 14-15).

Claimant also states that the finding that Claimant could perform the jobs of material handler and highway maintenance worker conflicted with his RFC limiting Claimant to simple and routine tasks.  All three jobs require a reasoning level of 2.  DOT ##323.687-010, 318.687-010, 381.687-018 which is not inconsistent with a limitation to simple, routine tasks.  Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005).  This Court finds no inconsistency in the step five analysis.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied.  Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

IT IS SO ORDERED this 19th day of March, 2019.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE